UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| DORIAN LOUIS JIMENEZ, and, ) | CHAPTER 7 |
| JESSICA ELAYNE JIMENEZ, ) | |
| ) | |
| Debtors. ) | CASE NO. 19-20028-JRS |
| _____ ) | |
| ) | |
| FIDELITY BANK, ) | |
| ) | |
| Plaintiff, ) | ADVERSARY PROCEEDING |
| ) | CASE NO. 19-2016 |
| v. ) | |
| ) | |
| DORIAN LOUIS JIMENEZ, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

### DEFENDANT DORIAN LOUIS JIMENEZ'S MOTION TO DISMISS WITH MEMORANDUM OF LAW IN SUPPORT THEREOF

Defendant Dorian Louis Jimenez ("Defendant"), by and through the undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7012(b), files this his Motion to Dismiss with Memorandum of Law in Support, respectfully showing the Court as follows.

### INTRODUCTION

Plaintiff Fidelity Bank ("Plaintiff") asserts two claims against Defendant – one under Section 523(a)(4) and another under Section 523(a)(6) – in an attempt to except his discharge as to Plaintiff's alleged debt. As discussed herein, Plaintiff's claim under Section 523(a)(4) fails because Plaintiff cannot allege an express or technical trust existed that imposed "trust-like" obligations on Defendant. Plaintiff's claim under Section 523(a)(6) also fails because there is no

1

allegation that Defendant intended the alleged injury to Plaintiff. As such, this Complaint should be dismissed.

## STATEMENT OF RELEVANT ALLEGATIONS CONTAINED IN THE COMPLAINT

Defendant is a doctor of podiatric medicine. (Complaint ¶ 5). At the time of the Petition Date, Defendant was one of the principals in Georgia Ambulatory Surgery Center, LLC, a Louis Jimenez D.P.M., P.C. and Primera Podiatry Laser and Foot Spa, P.C. (collectively, "Primera"). (*Id*.) Plaintiff is a bank and the holder of two Small Business Association loans which Defendant personally guaranteed. (*Id*. ¶ 6).

In connection with the loans made by Plaintiff, Primera pledged security interests in the assets of the business. (*Id.* ¶¶ 7-8). Primera began to experience financial difficulties in April 2018. (*Id.* ¶ 10). Shortly before the Petition Date, Primera closed its doors. (*Id*. ¶ 12).

Plaintiff alleges that prior to Primera closing its doors that Defendant and other associated with Primera commenced negotiations with Extremity Healthcare, Inc. and its wholly owned subsidiary Village Podiatry Group, LLC (collectively, "Village") (*Id*. ¶ 18). Plaintiff further alleges that Defendant "aided and abetted" in transferring the assets of Primera to Village in exchange for future employment of Defendant by Village. (*Id.* ¶ 19). Plaintiff alleges in conclusory fashion that (i) that Defendant breached a fiduciary duty owed to Plaintiff when Primera transferred its assets to Village while in the "zone of insolvency", and (ii) that the transfer of the assets of Primera was not supported by consideration, except the offer of future employment to Defendant and others associated with Primera. (*Id.* ¶¶ 22-23).

After the Petition date, Plaintiff filed an action in the Superior Court of Gwinnett County against Primera. In connection with the state court action, Plaintiff sought and obtained the appointment of a receiver to "marshal the assets of Primera." (*Id.* ¶ 25).

## ARGUMENT AND CITATION TO AUTHORITY

1. **The standard on a motion to dismiss.**

A pleading should be dismissed if it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Since the Supreme Court's decision in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), when confronted with a motion to dismiss, federal courts have evaluated pleadings under a "heightened pleading standard." *In re Careamerica, Inc.,* 409 B.R. 346, 353-4 (Bankr. E.D.N.C. 2009). Under *Iqbal*, the Court must separate out the allegations of a complaint that are "no more than conclusions [….]" 556 U.S. at 679. Conclusory statements contained within a pleading "are not entitled to the assumption of truth." *Id*. Once mere conclusions are eliminated, the Court must then consider the remaining allegations to determine if the conclusions are supported by "well-pleaded factual allegations," the veracity of which is assumed, to "then determine whether they plausibly give rise to an entitlement to relief." *Id*.

Upon the filing of a motion to dismiss, the Court should "take the factual allegations of the complaint as true and make all reasonable inferences from those facts to determine whether the complaint states a claim that is plausible on its face." *Cline v. Tolliver,* 434 Fed.Appx. 823, 825 (11th Cir. 2011) (citing *Iqbal,* 556 U.S. at 678). However, the complaint "must allege facts that are more than merely possible." *Iqbal,* 556 U.S. at 678. And if the allegations are more conclusory than factual, then this Court need not assume their truth. *Chaparro v. Carnival Corp.,* 693 F.3d 1333, 1337 (11th Cir. 2012) (citing *Mamani v. Berzain,* 654 F.3d 1148, 1153-54 (11th Cir. 2011)).

2. **Plaintiff fails to state a claim under Section 523(a)(4).**

Section 523(a)(4) excludes from discharge debts obtained by fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny. 11 U.S.C. § 523(a)(4). The term fiduciary is narrowly construed under section 523(a)(4). *R & R Express, Inc. v. Tamisha Shakira Cawthon*

3

*(In re Cawthon)*, 594 B.R. 913, 921 (Bankr. N.D. Ga. 2018). "The Supreme Court has consistently held that the term 'fiduciary' is not to be construed expansively, but instead is intended to refer to 'technical' trusts.'" *Quaif v. Johnson*, 4 F.3d 950, 953 (11th Cir. 1993) (*citing Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 55 S. Ct. 151, 79 L. Ed. 393 (1934)); *see also Commonwealth Land Title Co. v. Blaszak (In re Blaszak),* 397 F.3d 386, 391 (6th Cir. 2005) (noting the term "fiduciary capacity" is construed more narrowly in the context of section 523(a)(4) than in other circumstances). A technical trust has been defined by the Eleventh Circuit as "an express trust created by statute or contract that imposes trust-like duties on the defendant and that pre-exists the alleged defalcation." *Lewis v. Lowery (In re Lowery)*, 440 B.R. 914, 926 (Bankr. N.D.Ga. 2010). "Mere friendship does not meet this standard, nor does an ordinary business relationship." *In re Ferland*, Adv. No. 09-5101, 2010 Bankr. LEXIS 1892, *7 (Bankr. M.D.Ga. June 21, 2010) (citations omitted).

Section 523(a)(4) requires the debtor, acting as a fiduciary in accordance with an express or technical trust that existed prior to the wrongful act, commit an act of fraud or defalcation. Thus, under Section 523(a)(4), the debtor must owe a fiduciary duty to his or her creditors that pre-existed the act creating the debt. *Quaif*, 4 F.3d at 954. Additionally, the fiduciary duties must be specifically set forth so a trust relationship is expressly and clearly imposed. Some cases have also found a separately identifiable res is essential to a trust. *Eavenson v. Ramey (In re Eavenson),* 243 B.R. 160, 165 (N.D. Ga. 1999).

In the instant case, Plaintiff does not assert claims for embezzlement or larceny and therefore only the clause "fraud or defalcation while acting in a fiduciary capacity" under Section 523(a)(4) applies. Plaintiff has failed to allege facts that would establish a fiduciary relationship with Defendant within the meaning of Section 523(a)(4). Plaintiff instead alleges that Defendant

4

breached a duty of good faith, care, and loyalty to Plaintiff as guarantors on a promissory note and made certain transfers of secured assets. An ordinary business relationship, such as the one here between a lender and a guarantor, does not qualify as a technical trust. *In re Cawthon,* 594 B.R. at 921. And as this court has already held in *In re Stephens*, "[t]he traditional meaning of fiduciary under state law - loyalty, good faith and fair dealing - is too broad for the purposes of Section 523." 2019 WL 1421170 at *5 (Bankr. N.D.Ga. Mar. 27, 2019) (slip copy). Because there is no allegation that an express or technical trust existed that imposed "trust-like" obligations on Defendant, Plaintiff has failed to state a claim for which relief can be granted under Section 523(a)(4).

3. **Plaintiff fails to state a claim under Section 523(a)(6).**

Section 523(a)(6) excepts from discharge an individual's debts incurred by "willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). "An injury is willful when the injury itself was 'deliberate or intentional' and not merely the result of an intentional act that resulted in injury." *Wells Fargo Bank, N.A. v. Sutton* (*In re Sutton*), 557 B.R. 831, 836 (Bankr. N.D.Ga. 2016) (Ellis-Monro, J.) (citing *Kawaauhau v. Geiger* 523 U.S. 57, 61–62, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998)); *see also Kane v. Stewart Tilghman Fox & Bianchi Pa* (*In re Kane*), 755 F.3d 1285, 1293 (11th Cir. 2014) (quoting *Maxfield v. Jennings* (*In re Jennings*), 670 F.3d 1329, 1334 (11th Cir. 2012)). Section 523(a)(6) also requires that the debt arise from a "malicious" injury. "An injury is malicious when it is 'wrongful and without just cause or excessive even in the absence of personal hatred, spite or ill-will.'" *Id.* at 836 (quoting *Hope v. Walker* (*In re Walker*), 48 F.3d 1161, 1164 (11th Cir. 1995)). A debt arising from a knowing breach of contract is not typically the type of debt excepted from discharge under

Section 523(a)(6).  *Navy Fed. Credit Union v. Purse (In re Purse)*, 537 B.R. 28, 39 (Bankr.S.D.Ga. 2015) (citing *Kawaauhau,* 523 U.S. at 62).

Section 523(a)(6) "does not pertain to debts for general financial injury caused by fraud because such debts are covered by [Section] 523(a)(2)." *Eden v. Eden (In re Eden),* 584 B.R. 795, 809 (Bankr. N.D.Ga. 2018) (quoting *IndyMac Bank, F.S.B. v. Mitchell (In re Mitchell),* 2005 Bankr. LEXIS 1924 at *9 (Bankr. N.D.Ga. Aug. 16, 2005)).  The reasoning behind this rule is that "[i]nterpreting § 523(a)(6) to cover any or all injuries resulting from fraud that was committed willfully and maliciously 'would render § 523(a)(2) completely superfluous.'"  *Id.*  In *Eden,* the court dismissed a Section 523(a)(6) claim based on an allegation that "Defendant 'engaged in fraudulent transfers, fraudulent conveyances and false representations which inflicted willful and malicious injury on Plaintiff …."  *Id*.  There must be facts alleged to support that "the resulting injury was intentionally willful and malicious."  *Id*.  In other words, Plaintiff must allege that Defendant actually *intended* the injury, not just that Defendant undertook intentional acts which resulted in an injury. *Gen. Ret. Sys. v. Farr (In re Farr),* 2018 Bankr. LEXIS at *10 (Bankr. N.D. Ga. Mar. 26, 2018) (citing *Kawaauhau*, 523 U.S. at 62).

The essence of Plaintiff's Section 523(a)(6) claim is that Defendant, a guarantor on an underlying loan, assisted in transferring secured assets of Primera to a third-party company while Primera was in the "zone of insolvency."  In support of its Section 523(a)(6) claim, Plaintiff states in conclusory fashion that *the alleged transfers* alone constitute "willful and malicious" conduct. (*See* Compl. ¶¶ 31 and 32).  There are no facts alleged in the Complaint which support the required element of a Section 523(a)(6) claim that Defendant intended to willfully and maliciously injure Plaintiff.  Instead, to the contrary, Plaintiff avers that Defendant allegedly breached a fiduciary duty owed to Plaintiff by assisting with the transfers "for the offer of employment to [Defendant]

6

at [a] substantial salar[y]" (*Id.* ¶¶ 22, 23). While such allegations may support a claim that Defendant intentionally, willfully and maliciously acted in making the transfers – which may be considered fraud under Section 523(a)(2) - it does not support a claim that Defendant intended to inflict an injury on Plaintiff, as required by Section 523(a)(6). Like the plaintiff in *Eden* that simply alleged the defendant engaged in "fraudulent transfers, fraudulent conveyances and false representations," the Plaintiff in this action has not sufficiently alleged that Defendant intended to inflict a willful and malicious injury on Plaintiff. The Section 523(a)(6) claim should be dismissed.

## CONCLUSION

Defendant respectfully requests that his Motion to Dismiss be granted, and the Complaint filed by Plaintiff against him be dismissed.

Respectfully submitted, this 8th day of May, 2019.

**ROUNTREE LEITMAN & KLEIN, LLC**

/s/ David S. Klein
David S. Klein
Georgia Bar No. 183389
Attorney for Defendant

Century Plaza I
2987 Clairmont Road, Suite 175
Atlanta, Georgia 30329
(404) 584-1238
dklein@rlklawfirm.com

7

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served the foregoing **Defendant Dorian Louis Jimenez's Motion to Dismiss with Memorandum of Law in Support** by filing a copy of the same with the Court's CM/ECF system which will automatically provide a copy of same to:

Eric J. Breithaupt
Stites & Harbison PLLC
303 Peachtree Street, N.E.
2800 SunTrust Plaza
Atlanta, Georgia 30308

This 8th day of May, 2019.

/s/ David S. Klein
David S. Klein
Georgia Bar No. 183389

8